IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-30-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TIMOTHY LASSITER | ) | |

This cause comes before the Court following its imposition of sentence on September 19, 2013, at Raleigh, North Carolina. The Court imposed a downward variance sentence in this matter of four years' probation with nine months of home confinement and 250 hours of community service. The Court enters the following in support of its variance.

## BACKGROUND

Defendant was charged with deprivation of rights under color of law in violation of 18 U.S.C. § 242. Defendant entered a plea of guilty on June 11, 2013. Defendant is the former Chief Deputy of the Hertford County Sheriff's Office and, while acting under color of law, struck and assaulted a pretrial detainee resulting in bodily injury.

## DISCUSSION

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors." *United States v.*

*Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (quotation and citation omitted).[1] After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range – whether by departure or by varying – is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the sentencing hearing, the Court established defendant's total offense level to be sixteen and his criminal history to be category I, resulting in a Guidelines sentencing range of twenty-one to twenty-seven months' imprisonment. The Court hereby finds the presentence

---

[1] The factors set forth in § 3553(a) are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

2

report credible and reliable and adopts the findings therein.

Having considered the presentence report, the arguments of counsel, and the factors enumerated in § 3553(a), the Court finds that a sentence within defendant's Guidelines range does not serve goals of sentencing. The Court has in this matter weighed the right of the victim to be free from violations of his constitutionally protected rights and the interest of society in protecting persons in custody from aggression and violence by those operating under color of law against the actions by and interests of the defendant. Addressing this defendant specifically, the Court has considered his history of traumatic brain injury, his subsequent mental health problems and difficulties with impulse control, and his characteristics as a model law enforcement officer and a compassionate person with a calm demeanor as attested to by the numerous letters submitted by members of the Hertford County bench, bar, and community. The Court has also weighed and considered defendant's termination from the North Carolina Highway Patrol and the allegations of other incidents of aggression presented by the government.

As to the nature and circumstances of this incident, the Court finds it notable that defendant was properly engaged in his duties as a law enforcement officer tasked with restraining a disruptive detainee and maintaining courtroom decorum and safety when the conduct leading up to this incident occurred. In light of these circumstances, and the fact that defendant is prohibited from employment in any law enforcement capacity during his period of probation, and will likely be unable to secure such a position of trust in the future in light of the instant conviction, the need to protect the public from future crimes by this defendant is slight. The Court finds credible defendant's statements of remorse, his acceptance that he must change his life and leave behind his long career in law enforcement, and his need for mental health treatment and support from his

3

family and community. In light of the foregoing, the Court is convinced that defendant maintains a respect for the law and that a probationary sentence affords adequate deterrence. The Court further finds the instant defendant and incident to differ sufficiently from other cases brought under 18 U.S.C. § 242 such that a sentence not to include a term of imprisonment is warranted; while defendant has admitted that his conduct toward the victim in this matter was egregious, the victim did not sustain serious injury and defendant has accepted that he needs assistance in management of his anger and impulses.

The Court further incorporates by reference its statement of reasons made from the bench at the sentencing hearing, the arguments made by defense counsel, and the statements of defendant. It is for all of these reasons that the Court has concluded that a probationary sentence with a term of home confinement is a justified deviation from the Guidelines and is a sentence that is sufficient but not greater than necessary to accomplish the goals of sentencing. All other terms and conditions of defendant's sentence shall remain as pronounced at the hearing and reflected in the judgment.

SO ORDERED, this 20 day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE